Kenneth J. Catanzarite (SBN 113570)
kcatanzarite@catanzarite.com
Nicole M. Catanzarite Woodward (SBN 205746)
ncatanzarite@catanzarite.com
CATANZARITE LAW CORPORATION
2331 West Lincoln Avenue
Anaheim, California 92801
Tel: (714) 520-5544
Fax: (714) 520-0680

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VISUT KANCHANAPOOM, as trustee of the Long Beach Pediatric Surgery Associates Retirement Plan One, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WEATHERFORD INTERNATIONAL, LTD., a corporation; BERNARD J. DUROC-DANNER, an individual; ANDREW P. BECNEL, an individual; NICHOLAS F. BRADY, an individual; DAVID J. BUTTERS, an individual; WILLIAM MACAULAY, an individual; ROBERT B. MILLARD, an individual; ROBERT K. MOSES, JR., an individual; and ROBERT A. RAYNE, an individual,<br><br>Defendants. | Case No. CV11 01895 JFW PJW<br><br>COMPLAINT FOR VIOLATION OF FEDERAL SECURITIES LAWS<br><br>Class Action<br><br>Plaintiffs Demand a Trial by Jury |

## INTRODUCTION AND OVERVIEW

1. This is a class action on behalf of all persons who acquired the stock of Weatherford International Ltd. ("WEATHERFORD" or the "COMPANY") in a time period ranging from April 25, 2007 through March 1, 2011 ("Class Period"). Plaintiffs allege violations against all Defendants of §10b of the Securities

Exchange Act of 1934 (the "Exchange Act") arising out of false and misleading statements filed with the Securities and Exchange Commission ("SEC") or released to the public during the Class Period (collectively referred to herein as the "Public Disclosures").

2. On or about March 1, 2011, WEATHERFORD announced in a Form 8-K filed with the SEC the following:

> During management's assessment of the effectiveness of the Company's internal control over financial reporting as of December 31, 2010, management identified a material weakness in the Company's internal control over financial reporting for income taxes. A material weakness is a deficiency, or a combination of deficiencies, in internal control over financial reporting such that there is a reasonable possibility that a material misstatement of the annual or interim financial statements will not be prevented or detected on a timely basis. In making this assessment, our management used the criteria set forth by the Committee of Sponsoring Organizations of the Treadway Commission in Internal Control An Integrated Framework (September 1992). Because of the material weakness described below, management concluded that, as of December 31, 2010, our internal control over financial reporting for income taxes was not effective.

3. The 8-K went on to explain that:

> As a result of identifying the material weakness, we performed additional testing to determine whether or not the material weakness failed to identify any material errors in our accounting for income taxes. We have substantially completed the testing procedures. Based on these procedures, we have identified errors, the correction of which will be adjustments to our historical financial statements and our 2010 fourth quarter earnings release, totaling approximately $500 million for the periods from 2007 to 2010. The amount for each year is expected to range from $100 million to $150 million.

The Public Disclosures containing the above-mentioned historical financial statements were false and misleading on both a GAAP accounting basis and, as alleged herein, material to the investment decision-making process that led to the purchase of WEATHERFORD stock shares.

//

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL: (714) 520-5544 • FAX: (714) 520-0680

4. On the day following the 8-K filing, WEATHERFORD's common stock plunged $2.38 per share to close at a price of $21.14 per share. Based on the 745,925,000 shares outstanding as disclosed in the January 25, 2011, fourth quarter 2010 earnings press release, the decline in share price for WEATHERFORD on March 2, 2011, resulted in a decrease in WEATHERFORD's market capitalization of approximately $1.775 billion.

5. This plunge in value caused Plaintiffs to suffer material damages.

## JURISDICTION AND VENUE

6. This action arises under Sections 10(b) and 20 of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b) and 78t, and Rule 10b-5, 17 C.F.R. § 240.10b-5 promulgated thereunder.

7. The Court has jurisdiction over the subject matter of this action pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa and 28 U.S.C. § 1331.

8. Venue is proper in this District pursuant to Section 27 of the Exchange Act and 28 U.S.C. § 1391(b), as many of the material acts and injuries alleged herein occurred within the Central District of California.

## THE PARTIES

9. Plaintiff Visut Kanchanapoom, M.D. as Trustee of the Long Beach Pediatric Surgery Associates Retirement Plan One.

10. Defendant WEATHERFORD is a Swiss corporation, and, prior to February 26, 2009, as Weatherford International Ltd., a Bermuda exempted company, which, as of that date, became an indirect, wholly owned subsidiary of Weatherford International Ltd., a Swiss corporation. WEATHERFORD's shares were traded on the New York Stock Exchange under the symbol "WFT" at the time of the violations herein alleged.

//

//

3.

11. Defendant Bernard J. Duroc-Danner ("DANNER") is and was at all times relevant hereto the Chairman of the Board of WEATHERFORD. DANNER owned approximately 2.189 million shares of WEATHERFORD stock (approximately 1.2% of the outstanding) and held the beneficial Right to Acquire and additional 6.645 million shares via various stock option plans. Because of DANNER's position with WEATHERFORD, he had or should have had full knowledge of the misleading and adverse material non-public information contained in, and omitted from, the Public Disclosures.

12. Defendant Andrew P. Becnel ("BECNEL") is and was at all times relevant hereto the Senior Vice President and Chief Financial Officer of WEATHERFORD. BECNEL owned approximately 499,909 shares of WEATHERFORD stock and held beneficial Right to Acquire and additional 1,008,620 shares via various stock option plans. Because of BECNEL's position with WEATHERFORD, he had or should have had full knowledge of the misleading and adverse material non-public information contained in, and omitted from, the Public Disclosures.

13. Defendants Nicholas F. Brady, David J. Butters, William Macaulay, Robert B. Millard, Robert K. Moses, Jr. and, Robert A. Rayne (collectively, the "OUTSIDE DIRECTORS") are and were Directors of WEATHERFORD at all times relevant hereto.

   a. Nicholas F. Brady owned approximately 879,264 shares of WEATHERFORD stock and held beneficial Right to Acquire and additional 5,679 shares via various stock option plans. David J. Butters owned approximately 236,188 shares of WEATHERFORD stock and held beneficial Right to Acquire and additional 365,231 shares via various stock option plans.

   b. William E. Macaulay owned approximately 770,932 shares of WEATHERFORD stock and held beneficial Right to Acquire and additional

4.

1    865,238 shares via various stock option plans.
2        c.    Robert B. Millard owned approximately 1,312,458 shares of
3    WEATHERFORD stock and held beneficial Right to Acquire and additional
4    248,798 shares via various stock option plans.
5        d.    Robert K. Moses, Jr. owned approximately 566,464 shares of
6    WEATHERFORD stock and held beneficial Right to Acquire and additional
7    11,441 shares via various stock option plans.
8        e.    Robert A. Rayne owned approximately 160,316 shares of
9    WEATHERFORD stock and held beneficial Right to Acquire and additional
10   501,767 shares via various stock option plans.
11   Because of the OUTSIDE DIRECTOR's positions with WEATHERFORD, they
12   had or should have had full knowledge of the misleading and adverse material
13   non-public information contained in, and omitted from, the Public Disclosures.
14       14.   DANNER, BECNEL and the OUTSIDE DIRECTORS (collectively
15   the "INDIVIDUAL DEFENDANTS") along with the officers and directors of
16   WEATHERFORD willfully participated in the preparation, review and
17   dissemination of the Public Disclosures referenced herein.

## CLASS ACTION ALLEGATIONS

19       15.   Plaintiffs bring this action as a class action pursuant to Federal Rules
20   of Civil Procedure 23(a) and (b)(3) on behalf of the Class defined above.
21   Excluded from the Class are the defendants, members of the immediate family of
22   each of the INDIVIDUAL DEFENDANTS, any subsidiary or affiliate of
23   WEATHERFORD, any of its subsidiaries or affiliates, or any entity in which any
24   excluded person has a controlling interest, as well as the legal representatives,
25   heirs, successors and assigns of any excluded person.
26       16.   While the exact number of Class members is unknown and can only
27   be ascertained through appropriate discovery, plaintiffs believe there are
28   thousands of them. Joinder of all Class members is impracticable. Furthermore,

because the damages suffered by the individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for the Class members individually to redress the wrongs done to them.

17. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members. Among the questions of law and fact common to the Class are:

  a. whether the federal securities laws were violated by the defendants' acts as alleged herein;

  b. whether the INDIVIDUAL DEFENDANTS are "control persons" within the meaning of the federal securities laws;

  c. whether WEATHERFORD and the INDIVIDUAL DEFENDANTS made false and misleading statements in the Prospectus;

  d. whether the market price of WEATHERFORD securities was artificially inflated in the Class Period as a result of the conduct alleged in this complaint; and

  e. whether plaintiffs and the other members of the Class have sustained damages and, if so, the proper measure of those damages.

18. Plaintiffs' claims are typical of the claims of other Class members. Plaintiffs and the other Class members sustained damages arising out of defendants' wrongful conduct.

19. Plaintiffs will fairly and adequately protect the interests of the members of the Class and have retained counsel competent and experienced in class actions and securities litigation. Plaintiffs have no interests antagonistic to or in conflict with those of the Class.

20. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

21. The names and addresses of purchasers of WEATHERFORD stock

are available from WEATHERFORD's transfer agent and the underwriters. Notice can be provided to such record owners via first class mail using technique and form of notice similar to those customarily used in class actions.

## MISLEADING STATEMENTS AND OMISSIONS
## OF MATERIAL FACT

22. On March 1, 2011, WEATHERFORD filed a Form 8-K with the SEC which revealed that false and misleading statements had been made in Public Disclosures during the Class Period:

> Because of the material weakness described below, management concluded that, as of December 31, 2010, our internal control over financial reporting for income taxes was not effective.
>
> The Company's processes, procedures and controls related to financial reporting were not effective to ensure that amounts related to current taxes payable, certain deferred tax assets and liabilities, reserves for uncertain tax positions, the current and deferred income tax expense and related footnote disclosures were accurate. Specifically, our processes and procedures were not designed to provide for adequate and timely identification and review of various income tax calculations, reconciliations and related supporting documentation required to apply our accounting policies for income taxes in accordance with US GAAP.
>
> The principal factors contributing to the material weakness were: 1) inadequate staffing and technical expertise within the company related to taxes, 2) ineffective review and approval practices relating to taxes, 3) inadequate processes to effectively reconcile income tax accounts and 4) inadequate controls over the preparation of quarterly tax provisions.
>
> As a result of identifying the material weakness, we performed additional testing to determine whether or not the material weakness failed to identify any material errors in our accounting for income taxes. We have substantially completed the testing procedures. Based on these procedures, we have identified errors, the correction of which will be adjustments to our historical financial statements and our 2010 fourth quarter earnings release, totaling approximately $500 million for the periods from 2007 to 2010. The amount for each year is expected to range from $100 million to $150 million.
>
> [...] In addition to the above items, we expect to make

7.

adjustments to correct for immaterial items that had been recorded in the incorrect period, which we expect to decrease net income by approximately $20 million in the aggregate for the years 2007 through 2010.

March 1, 2011, Form 8-K.

23. The misstatements made in the Public Disclosures were material on several levels. First, they were material on the basis of the Generally Accepted Accounting Principles treatment of materially as admitted by the company in the Form 8-K filed on March 1, 2011.

24. Second, the misstatements were material on WEATHERFORD's own admission, as evidenced in the 8-K where the Company identifies certain "immaterial items" that were "in addition to" the $400 million to $600 million of adjustments composing the expected range of restatements for the "periods from 2007 to 2010." The characterization of the additional items as immaterial indicated by inference that the $400 million to $600 million of expected adjustments was material.

25. Third, the misstatements were material in relation to and as a percentage of the Net Income from Continuing Operations Attributable to Weatherford reported for the prior year periods from 2007 through 2010. According to WEATHERFORD's 2009 Annual Report, the Net Income from Continuing Operations Attributable to Weatherford was as follows: 2007 = $1.09 billion; 2008 = $1.41 billion; 2009 = $253.8 million. For 2010, the Press Release dated January 25, 2011, indicated Net Income for the year 2010 totaled $24.5 million.

26. Fourth, the misstatements were material on the basis of economic loss inflicted upon WEATHERFORD stock. Following the 8-K announcement, the market price of WEATHERFORD stock plunged on by more than 10% from the prior day's closing price $23.52 to close at $21.14 on March 2, 2011. This share price decline represented a $1.775 billion decline in market capitalization of

8.

WEATHERFORD.

## DEFENDANTS' SCIENTER

27. The INDIVIDUAL DEFENDANTS were aware or should have been aware at all times of the material adverse information concerning WEATHERFORD.

28. Plaintiffs plead and allege with intent to prove at trial through expert testimony that the "principal factors contributing to the material weakness were:

   a. inadequate staffing and technical expertise within the company related to taxes,

   b. ineffective review and approval practices relating to taxes,

   c. inadequate processes to effectively reconcile income tax accounts, and

   d. inadequate controls over the preparation of quarterly tax provisions" were the result of <u>gross negligence</u> on the part of the INDIVIDUAL DEFENDANTS.

29. Scienter is further demonstrated as to WEATHERFORD due to the large holdings of WEATHERFORD stock and stock options owned by the INDIVIDUAL DEFENDANTS as follows:

   a. DANNER owned approximately 2.189 million shares of WEATHERFORD stock (approximately 1.2% of the outstanding) and held beneficial Right to Acquire and additional 6.645 million shares via various stock option plans.

   b. BECNEL owned approximately 499,909 shares of WEATHERFORD stock and held beneficial Right to Acquire and additional 1,008,620 shares via various stock option plans.

   c. Nicholas F. Brady owned approximately 879,264 shares of WEATHERFORD stock and held beneficial Right to Acquire and additional 5,679 shares via various stock option plans.

d. David J. Butters owned approximately 236,188 shares of WEATHERFORD stock and held beneficial Right to Acquire and additional 365,231 shares via various stock option plans.

e. William E. Macaulay owned approximately 770,932 shares of WEATHERFORD stock and held beneficial Right to Acquire and additional 865,238 shares via various stock option plans.

f. Robert B. Millard owned approximately 1,312,458 shares of WEATHERFORD stock and held beneficial Right to Acquire and additional 248,798 shares via various stock option plans.

g. Robert K. Moses, Jr. owned approximately 566,464 shares of WEATHERFORD stock and held beneficial Right to Acquire and additional 11,441 shares via various stock option plans.

h. Robert A. Rayne owned approximately 160,316 shares of WEATHERFORD stock and held beneficial Right to Acquire and additional 501,767 shares via various stock option plans.

30. Plaintiff alleges the incentive to manipulate WEATHERFORD's stock price placed the INDIVIDUAL DEFENDANTS in a wrongful state of mind such that they were possessed of either intention or gross negligence which resulted in the material misstatements described herein.

## THE STATUTE OF LIMITATIONS WAS TOLLED

31. Plaintiffs were diligent in monitoring their investments in WEATHERFORD shares at all times. At no time have there been any press releases, news items, SEC filings or other publicly available information to apprize plaintiffs of the adverse material facts giving rise to their claims herein.

32. At all times, Defendants withheld the facts evidencing the "principal factors" and inadequacies that resulted in the expected restatements to earnings.

33. Plaintiffs could not possibly have discovered the truth regarding the details of the claims herein. No publicly available information existed that could

10.

have led plaintiffs to know, or even suspect, that the defendants' had omitted to state such important and material facts regarding these inadequacies.

34. Defendants continuously disseminated the false information at all relevant times herein. Thus, the entire market had been deceived over the Class Period as to the financial strength and investment desirability of WEATHERFORD stock. Plaintiffs had no way of discovering the falsity of the information related to WEATHERFORD at any time.

35. Therefore, the statute of limitations as to all of Plaintiffs' claims is tolled from the first quarter earning release on April 25, 2007, through the filing of this Complaint. Plaintiffs diligently filed this complaint less than two years after their discovery of the fraud and within five years of the date of the purchase of securities by Plaintiffs.

## INFLATED STOCK PRICE

36. Because defendants overstated earnings by an estimated $400 million to $600 million for the period from 2007 through 2010, and also because of the related deficiencies in internal controls, the market price of WEATHERFORD stock was artificially inflated. Had the negative information been disclosed, the market price of WEATHERFORD stock would have been much lower. Absent the failure to disclose this negative information, plaintiffs would not have purchased WEATHERFORD stock or warrants or they would have purchased WEATHERFORD stock and warrants at a much lower price.

37. Based on the above-described misrepresentations and omissions it is clear that the Plaintiffs paid an artificially inflated price for the WEATHERFORD shares and warrants because defendants omitted to state material facts necessary to make the public statements made by defendants not misleading.

38. Plaintiff Kanchanapoom, in his roll as trustte purchased 2,240 shares of Weatherford stock (WFT) at $23.08 per share and holds the same today as of the date of this complaint.

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL: (714) 520-5544 • FAX: (714) 520-0680

## PRESUMPTION OF RELIANCE

39. Reliance should be presumed in this action for any claim asserted which requires a showing of reliance. Plaintiffs are entitled to a presumption of reliance under each of the following theories.

40. Fraud on the Regulatory Process - This theory was created by the 9th Circuit in *Arthur Young and Co. v. United States District Ct.*, 549 F.2d 686 (9th Cir. 1976), *cert. denied*, (1977) 434 U.S. 829. WEATHERFORD misrepresented to the SEC and to the public material facts concerning WEATHERFORD's financial strength and the integrity of its internal controls. The fraud on the Plaintiffs was also a fraud on numerous regulatory agencies, including the New York Stock Exchange and the Securities and Exchange Commission.

41. The Affiliated Ute Presumption - in cases where the allegations of wrongdoing are primarily concerned with omissions, the presumption established by the U.S. Supreme Court in *Affiliated Ute Citizens v. United States*, (1972) 406 U.S. 128 applies. The allegations in this case, taken as a whole, primarily allege the omission of numerous material facts. As the Supreme Court explained, requiring plaintiffs to describe how they would have behaved had the omitted information been disclosed places an unrealistic burden on plaintiffs.

## FIRST CLAIM FOR RELIEF
### Against All Defendants For Violation of
### Section 10(b) of the Exchange Act and Rule 10b-5
### of the Securities and Exchange Commission

42. Plaintiffs repeat and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

43. This Count is asserted against all Defendants and is based upon Section 10(b) of the 1934 Act, 15 U.S.C. §78j(b), and Rule 10b-5 promulgated thereunder.

44. At all relevant times herein, Defendants, singly and in concert,

directly engaged in a common plan, scheme, and unlawful course of conduct, pursuant to which they knowingly or recklessly engaged in acts, transactions, practices, and courses of business which operated as a fraud and deceit upon plaintiffs and the other members of the Class, and failed to disclose material information in order to make the statements made, in light of the circumstances under which they were made, not misleading to plaintiffs and the other members of the Class. The purpose and effect of said scheme, plan, and unlawful course of conduct was, among other things, to induce plaintiffs and the other members of the Class to purchase securities in the period from April 25, 2007, through March 1, 2011.

45. At all relevant times, WEATHERFORD acted through its officers and directors. The willfulness, motive, knowledge, and recklessness of WEATHERFORD's officers and directors is therefore imputed to WEATHERFORD, rendering it primarily liable for the securities law violations of these defendants committed while performing in their official capacity as COMPANY representatives. In the alternative and additionally, WEATHERFORD is liable for the acts of its officers and directors under the doctrine of respondent superior.

46. As a result of the failure to disclose material facts, the information that Defendants disseminated to Plaintiffs was materially false and misleading as set forth above. Plaintiffs would not have purchased any of the securities, but for the omission of the above-detailed material adverse information. Moreover, the price paid by Plaintiffs for the securities was artificially inflated as a result of the material non-disclosures. In ignorance of the false and misleading nature of the statements described above and the deceptive and manipulative devices and contrivances employed by said defendants, plaintiffs and the other members of the Class relied, to their detriment, on the integrity of the market price of the stock in purchasing the securities. Had plaintiffs and the other members of the Class

1 known the truth, they would not have purchased said shares and certainly would
2 not have purchased them at the inflated prices that were paid.

3     47.    Plaintiffs and the other members of the Class have suffered substantial damages as a result of the wrongs herein alleged in an amount to be proved at trial.

    48.    By reason of the foregoing, Defendants directly violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder by: (a) employing devices, schemes, and artifices to defraud; (b) failing to disclose material information; or (c) engaging in acts, practices, and a course of business which operated as a fraud and deceit upon plaintiffs and the other members of the Class in connection with their purchases of the securities during the period from April 25, 2007, through March 1, 2011.

    49.    This action is being brought within two years after the discovery of the misleading statements and omissions and within five years after their issuance.

## SECOND CLAIM FOR RELIEF

### Against DANNER, BECNEL and the OUTSIDE DIRECTORS

### for Violation of Section 20(a) of the Exchange Act

    50.    Plaintiffs repeat and reallege each and every allegation contained in each of the foregoing paragraphs as if set forth fully herein.

    51.    DANNER was Chairman of WEATHERFORD and BECNEL was Senior Vice President of of WEATHERFORD. The OUTSIDE DIRECTORS were all Directors on the Board of WEATHERFORD. By virtue of their management positions, directorships, and stock ownership in WEATHERFORD and/or specific acts described above, each was, at the time of the wrongs alleged herein, a controlling person within the meaning of Section 20(a) of the 1934 Act.

    52.    By reason of the conduct alleged in Count I of the Complaint, DANNER, BECNEL and the OUTSIDE DIRECTORS are liable for the aforesaid wrongful conduct, and are liable to Plaintiffs and to the other members of the

14.

Class for the substantial damages which they suffered in connection with their purchases of WEATHERFORD securities by Plaintiffs.

## BASIS OF ALLEGATIONS

53. Plaintiffs have alleged the foregoing based upon the investigation of their counsel, which included a review of WEATHERFORD's filings with the SEC, news releases and other public disclosures.

54. Allegations regarding the contents of the SEC filings are based on a review of those filings.

## JURY DEMAND

55. Plaintiffs demand a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs, on behalf of themselves and the Class, prays for judgment as follows:

1. Declaring this action to be a proper plaintiff class action maintainable pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure and declaring plaintiffs to be proper representatives of the Class;

2. Awarding plaintiffs and other members of the Class damages together with interest thereon;

3. Awarding plaintiffs and the other members of the Class their costs and expenses in this litigation, including reasonable attorneys' fees and experts' fees and other costs and disbursements; and

4. Awarding plaintiffs and the members of the Class such other and further relief as may be just and proper under the circumstances.

DATED: March 3, 2011.                       CATANZARITE LAW CORPORATION

By: _____
Kenneth J. Catanzarite
Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge John F. Walter and the assigned discovery Magistrate Judge is Patrick J. Walsh.

The case number on all documents filed with the Court should read as follows:

```
CV11- 1895 JFW (PJWx)
```

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
Kenneth J. Catanzarite (SBN 113750)
Nicole M. Catanzarite-Woodward (SBN 205746)
CATANZARITE LAW CORPORATION
2331 West Lincoln Avenue
Anaheim, California 92801
Telephone: (714) 520-5544
Facsimile: (714) 520-0680

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VISUT KANCHANAPOOM, as trustee of the Long Beach Pediatric Surgery Associates Retirement Plan One, individually and on behalf of all others similarly situated,<br><br>PLAINTIFF(S)<br>v.<br>WEATHERFORD INTERNATIONAL, LTD., a corporation; BERNARD J. DUROC-DANNER, an individual; ANDREW P. BECNEL, an individual; NICHOLAS F. BRADY, an individual; DAVID J. BUTTERS, an individual; WILLIAM MACAULAY, an individual; ROBERT B. MILLARD, an individual; ROBERT K. MOSES, JR., an individual; and ROBERT A. RAYNE, an individual<br>DEFENDANT(S). | CASE NUMBER<br><br>**CV11 01895 JFWpJWx**<br><br><br>**SUMMONS** |

TO:   DEFENDANT(S): WEATHERFORD INTERNATIONAL, LTD., a corporation; BERNARD J. DUROC-DANNER, an individual; ANDREW P. BECNEL, an individual; NICHOLAS F. BRADY, an individual; DAVID J. BUTTERS, an individual; WILLIAM MACAULAY, an individual; ROBERT B. MILLARD, an individual; ROBERT K. MOSES, JR., an individual; and ROBERT A. RAYNE, an individual

   A lawsuit has been filed against you.

   Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Kenneth J. Catanzarite_____, whose address is _2331 West Lincoln Avenue, Anaheim, CA 92801_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

   Clerk, U.S. District Court

   Dated: __MAR - 4 2011__   By: __CHRISTOPHER POWERS__
                                  Deputy Clerk

                                  (Seal of the Court)

                                  1181

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

---

CV-01A (12/07)                                    **SUMMONS**

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| VISUT KANCHANAPOOM, as trustee of the Long Beach Pediatric Surgery Associates Retirement Plan One, individually and on behalf of all others similarly situated, | WEATHERFORD INTERNATIONAL, LTD., a corporation; BERNARD J. DUROC-DANNER, an individual; ANDREW P. BECNEL, an individual; NICHOLAS F. BRADY, an individual; DAVID J. BUTTERS, an individual; WILLIAM MACAULAY, an individual; ROBERT B. MILLARD, an individual; ROBERT K. MOSES, JR., an individual; and ROBERT A. RAYNE, an individual, |
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) CATANZARITE LAW CORPORATION 2331 West Lincoln Avenue, Anaheim, CA 92801 Telephone: (714) 520-5544 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☑ Yes ☐ No     ☐ MONEY DEMANDED IN COMPLAINT: $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Sections 10(b) and 20 of the Securities Exchange Act of 1934; 15 U.S.C. § 78j(b) and 78t and Rule 10b-5, 17 C.F.R. § 240.10b-5; Violation of Federal Securities Laws

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | | | FORFEITURE/ PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | | |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☑ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| | | | ☐ 441 Voting | | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | | | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | | | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | IMMIGRATION | | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | ☐ 690 Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | | |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | |

FOR OFFICE USE ONLY:    Case Number: _____  CV11 01895

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                         CIVIL COVER SHEET                         Page 1 of 2

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
　　　　　　　　　　　　　　 ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
　　　　　　　　　　　　　　 ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
　　　　　　　　　　　　　　 ☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
　　Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _[signature]_　　Date  3/4/11

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |